

**UNITED DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DIANA VASCONEZ and
MARTHA VASCONEZ

        Plaintiff,

vs.

        CASE NO.: 6-12cv236011-31DAB
        DEMAND FOR JURY TRIAL

SHERIFF ROBERT E. "BOB" HANSELL as Sheriff
Of the OSCEOLA COUNTY SHERIFF'S OFFICE, a municipal
corporation and/or political subdivision of
the State of Florida, Deputy JASON PARRAS, individually and in
his official capacity and Deputy ISRAEL YMA individually and in
his official capacity.

        Defendants.

_____/

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs DIANA VASCONEZ and MARTHA VASCONEZ, by and through their

undersigned counsel,   hereby sue the Defendants named above and state:

### JURISDICTION AND VENUE

1.    In addition to several State civil causes of action, the Plaintiff is asserting a claims

of violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. 1983, 42 U.S.

C. 1988, resulting from deprivations, under color of law, of Plaintiffs' rights, under

the fourth, fifth and fourteenth amendments of the United States Constitution and

various state law claims.

2.    Plaintiffs, DIANA VASCONEZ and MARTHA VASCONEZ  were  a resident

of Osceola County, Florida and the conduct complained of herein occurred within

the jurisdiction of this Court; namely, Osceola County, Florida.

3.      This is a civil complaint for various causes of action in which the damages exceed the amount of $15,000.00, exclusive of interest, attorney's fees and costs.

## THE PARTIES

4.      At all times material, Defendant, SHERIFF ROBERT E. "BOB" HANSELL("Sheriff's Office") or his predecessor, as Sheriff Of the OSCEOLA COUNTY SHERIFF'S OFFICE was acting in his official capacity and promulgated the policies and procedures governing the investigation of suspects, proper service of warrants, arrest of citizens, detention of citizens and use of force when detaining citizens. The Sheriff's Office was responsible for supervising the training, instructing, disciplining and controlling the conduct of the officer defendants as described herein. The Sheriff's Office is also charged with promulgating all orders, rules, instructions and regulations to its employees, including but not limited to; properly and adequately investigating crimes, arresting and detaining citizens. At all times material hereto, the Sheriff's Office was a duly authorized law enforcement agency of the Osceola County and was a municipality or political subdivision of the State of Florida.

5.      At all times material hereto the Defendant JASON PARRAS was acting within the course and scope of his employment as a law enforcement officer and was employed with the Osceola County Sheriff's Office as a Deputy Sheriff. Defendant PARRAS is sued individually and in his official capacity.

6.      At all times material hereto the Defendant ISRAEL YMA was acting within the course and scope of his employment as a law enforcement officer and was

employed with the Osceola County Sheriff's Office as a Deputy Sheriff. Defendant YMA is sued individually and in his official capacity.

7.    At all times material to this Compliant, all Defendants were acting under color of State law, to wit:  State statutes, ordinances, regulations, customs and usages of the State of Florida and in their actions and appearances pursuant to their authority as police officers and municipal entities.

8.    All conditions precedent for the filing of this lawsuit have occurred, been satisfied, or been waived in accordance with Fla.Stat. 768.28 and any other notice requirement pursuant to Federal or State Law.

## FACTUAL ALLEGATIONS

9.    On December 9, 2010, Deputies YMA and Parras appeared at Plaintiffs' residence. When they arrived and knocked on the door, Diana Vasconez came to the door. They asked to speak with her father, Byron Vasconez. At no time was Diana Vasconez told they had a warrant for Mr. Vasconez. Diana called her mother Martha Vasconez and informed her that the deputies wanted to speak with Mr. Vasconez. Martha Vasconez came to the door to which she was informed that the deputies were looking for Mr. Vasconez. At no time was Martha Vasconez informed by the deputies that they had a warrant; and a warrant was never presented to her. In fact, Martha Vasconez asked if they had a warrant; yet, no warrant was presented.  At that time, Martha Vasconez informed the deputies to allow her to get dressed and asked to close the door. She told Diana to go call their lawyer.  The deputies permitted Martha Vasconez to close the door and get dressed.

Within seconds of permitting Martha Vasconez to close the door, Deputies YMA and Parras began banging, kicking and knocking on the door.  Surprised by the noise, Diana Vasconez returned to the door and actually began opening the door. Simultaneously, Deputy YMA reached through the opening and grabbed Diana Vasconez by the arm and began pulling her back and forth into the door slamming her body against the door and severely injuring her arm.

Deputy YMA and Deputy Parras barged into the residence. Still, at no time did they inform our clients that they were there to arrest Mr. Vasconez, or that they has a warrant for his arrest; nor did they ever present a warrant for his arrest.  As he entered the premises Deputy YMA grabbed Diana Vasconez, placed her in a choke hold, removed his revolver, and held it to her head while lifting her in the air in the head lock.  During this episode, he broke her nose and was actually choking her. Realizing Diana Vasconez was choking, Deputy YMA allowed her feet to touch the ground. Thereafter, he took her from the premises and arrested.

Stunned by what was being done to her daughter, Martha Vasconez asked Deputy YMA and Deputy Parras, "what are you doing, "what are you doing". Wandering what all the commotion was Mr. Vasconez had come into the living room. Deputy Parras physically assaulted Martha Vasconez by hitting her with his hand, he tossed her to the floor; grabbed Mr. Vasconez, handcuffed him,  slammed him to the floor, while he was already handcuffed and detained, and punched  and kicked him while he was already handcuffed on the ground and in custody.  Thereafter, Mr. Vasconez was taking out of the house and placed in a patrol car.

Moments later, Deputy YMA returned to the house and placed Martha Vasconez under arrest.

10.    Although Diana Vasconez and Martha Vasconez had done nothing to interfere with the service of an arrest warrant, or interfere with the arrest of Mr. Vasconez; nor did they ever physically touch any deputy or attempt to attempt any deputy, they were charged with (1) battery of a law enforcement officer and (2) resisting arrest without violence. The Office of the State Attorney did not file criminal charges and the criminal cases were dropped and summarily dismissed for lack of evidence and it was determined the alleged arrest warrant was never presented to Plaintiffs during this incident.

11.    As a direct, proximate and foreseeable result of the acts and omissions of Defendant (s), its deputies, agents, employees or representatives, Plaintiffs Diana Vasconez and Martha Vasconez were wrongfully arrested and subjected to continued detention resulting in the loss of liberty and freedom, had to hire a criminal defense attorney, witnessed an assault on Mr. Vasconez (Diana's father and Martha's husband), loss of the enjoyment of life, loss of reputation, physical injuries, physical detention against her will, pain, suffering, and mental anguish. Defendants' actions were callously, deliberately and/or recklessly indifferent to the rights and welfare of Plaintiff Diana Vasconez and Martha Vasconez and caused Plaintiffs damages.

12.    The Sheriff's Office, failed to adequately train and/or supervise Parras and YMA regarding the appropriate use of arrest powers and the proper service of an arrest warrant or the effectuation of an arrest warrant. By his failure to provide the

aforementioned training and supervision, the Sheriff's Office caused and contributed to the unlawfully arrest the Plaintiff by Deputies Parras and YMA and the use inappropriate levels of force against Plaintiffs. The Sheriff Office further failed to adequately train and/or supervise Parras and YMA regarding their entry onto private property; entrance into residences of citizens, whom had committed no crime and the proper service of arrest warrants.

13.     Additionally, the Sheriff's Office caused the unnecessary and unreasonable use of force against Plaintiffs by not conducting full and impartial administrative reviews of excessive force and unlawful arrest situations such as befell Plaintiffs at the hands of Parras and YMA; failing to properly investigate complaints of excessive force such as that made my Diana Vasconez against Parras and YMA and by failing to impose disciplinary sanctions on employees guilty of improper conduct.

14.     As a direct result of the collective defendants' acts, Plaintiffs have suffered from depression, has recurring nightmares, has trouble sleeping and has suffered physical injuries.  These injuries have resulted in permanent injury and severe pain and suffering to Plaintiffs, specifically to DIANA VASCONEZ.

## COUNT I – DEPRIVATION OF THE CIVIL RIGHTS (U.S.C §1983)OF DIANA VASCONEZ AGAINST DEFENDANT YMA

15.     Plaintiff DIANA VASCONEZ hereby incorporates the allegations contained in paragraph 1 through 14 above as if fully set forth herein.

16.     Defendant YMA in his individual and official capacity, acting alone and in concert with Defendant PARRAS, and in the course and scope of his employment as a deputy with the Osceola County Sheriff's Office, exercised excessive and

unreasonable force on the person of Plaintiff DIANA VASCONEZ, detained her and arrested her without probable cause.

17. Defendant YMA'S behavior, individually and in concert with Defendant PARRAS was shocking to the conscience.  This behavior included illegally trespassing on the property of Plaintiff DIANA VASCONEZ, without presenting a proper arrest warrant, falsely arresting her, assaulting, choking her, physically accosting her, breaking her nose, all while she was not resisting and certainly not being violent.

18. Acting under the color of law, as agent of and with the authority of the Osceola County Sheriff's Office, Defendant YMA intentionally and with complete, reckless and callous disregard and indifference for Plaintiff DIANA VASCONEZ'S civil rights, caused Plaintiff to be deprived of her constitutional rights, including but not limited to those under the Fourth, Fifth Fourteenth Amendments of the United States Constitution by:

   a. using a degree of force that was unreasonable under the circumstances and in arresting her without probable cause, in violation of Plaintiff VASCONEZ'S right to be free from an unreasonable seizure under the Fourth Amendment;

   b. subjecting Plaintiff DIANA VASCONEZ to punishment without the benefit of a trial by jury in violation of her rights under the Fifth Amendment;

   c. depriving Plaintiff of her liberty by subjecting her to unwarranted and unreasonable restraints on her person without due process in violation of her rights under the Fourth Amendment; and

d.   depriving Plaintiff DIANA VASCONEZ of due process of law secured by the Fourth Amendment including her right to be free from unlawful entry into her home and curtilage and secure in her person and to be free from the use of unreasonable and excessive force when being apprehended, and being arrested without probable cause and without presentment of a valid arrest warrant.

e.   depriving Plaintiff DIANA VASCONEZ of due process of law secured by the Fourteenth Amendment including her right to be free from the use of unreasonable and excessive force after her apprehension.

19.   By reason of the foregoing, Defendant YMA violated 42 U.S.C. §1983.

20.   As a direct and proximate result of the Defendants' actions, Plaintiff DIANA VASCONEZ suffered bodily injury, humiliation, embarrassment, mental anguish, oppression, pain and suffering, inconvenience, loss of dignity, loss of liberty and damage to her reputation.

**WHEREFORE**, Plaintiff DIANA VASCONEZ demands judgment against the Defendant YMA for compensatory damages, punitive damages, where applicable, costs and attorney's fees as provided by 42 U.S.C. §1988 and TRIAL BY JURY pursuant to the Florida Rules of Civil Procedure.

## COUNT II – DEPRIVATION OF THE CIVIL RIGHTS (U.S.C §1983) OF MARTHA VASCONEZ AGAINST PARRAS

21.   Plaintiff MARTHA VASCONEZ hereby incorporates the allegations contained in paragraph 1 through 14  above as if fully set forth herein.

22.    Defendant PARRAS, in his individual and official capacity, acting alone and in concert with Defendant YMA, and in the course and scope of his employment as a deputy with the Osceola County Sheriff's Office, exercised excessive and unreasonable force on the person of Plaintiff MARTHA VASCONEZ and detained her and arrested her without probable cause.

23.    Defendant PARRAS' behavior, individually and in concert with Defendant YMA was shocking to the conscience. This behavior included illegally trespassing on the property of Plaintiff MARTHA VASCONEZ, without properly presenting an arrest warrant, falsely arresting her, hitting her in the face, tossing her to the floor, all of while she was not resisting and certainly not being violent, and severely beating her husband in her presence.

24.    Acting under the color of law, as agent of and with the authority of the Osceola County Sheriff's Office, Defendant PARRAS intentionally and with complete, reckless and callous disregard and indifference for Plaintiff MARTHA VASCONEZ'S civil rights, caused Plaintiff to be deprived of her constitutional rights, including but not limited to those under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by:

a.    using a degree of force that was unreasonable under the circumstances and in arresting her without probable cause, in violation of Plaintiff HAZLETON'S right to be free from an unreasonable seizure under the Fourth Amendment;

b.  subjecting Plaintiff ANA MARIA HAZLETON to punishment without the benefit of a trial by jury in violation of her rights under the Fifth Amendment;

c.  depriving Plaintiff of her liberty by subjecting her to unwarranted and unreasonable restraints on her person without due process in violation of her rights under the Fourth Amendment; and

d.  depriving Plaintiff MARTHA VASCONEZ of due process of law secured by the Fourth Amendment including her right to be to be free from unlawful entry into her home and curtilage and secure in her person and to be free from the use of unreasonable and excessive force when being apprehended and free from being arrested without probable cause and without the presentment of a valid arrest warrant.

e.  depriving Plaintiff MARTHA VASCONEZ of due process of law secured by the Fourteenth Amendment including her right to be free from the use of unreasonable and excessive force after her apprehension

25.  By reason of the foregoing, Defendant PARRAS violated 42 U.S.C. §1983.

26.  As a direct and proximate result of the Defendants' actions, Plaintiff MARTHA VASCONEZ suffered bodily injury, humiliation, embarrassment, mental anguish, oppression, pain and suffering, inconvenience, loss of dignity, loss of liberty and damage to her reputation.

**WHEREFORE**, Plaintiff MARTHA VASCONEZ demands judgment against Defendant PARRAS for compensatory damages, punitive damages, where applicable, costs and attorney's fees as provided by 42 U.S.C. §1988 and TRIAL BY JURY pursuant to the Florida Rules of Civil

and threats, oppression, inconvenience, loss of dignity, loss of liberty, suffered pain

and suffering and damage to her reputation and was incarcerated for charges which

she did not commit. These damages are continuing, permanent or will continue in

the future.

**WHEREFORE**, Plaintiff DIANA VASCONEZ demands judgment against Defendant

YMA for compensatory damages, costs and demands trial by jury of all issues so triable.

## COUNT IV - FALSE ARREST/FALSE IMPRISONMENT OF MARTHA VASCONEZ AGAINST DEFENDANT PARRAS

32.     Plaintiff MARTHA VASCONEZ incorporates the allegations contained in the

preceding paragraphs 1-14 as if fully set forth.

33.     This is a State law claim for damages in excess of the jurisdictional amount.

34.      Defendant PARRAS, individually, acting in concert with defendant YMA, and

and acting within the course and scope of his employment,  falsely arrested,

imprisoned and charged Plaintiff MARTHA VASCONEZ, all in bad faith, or with

malicious purpose or in a manner exhibiting wanton and willful disregard of human

rights, safety or property,  when in fact, Plaintiff MARTHA VASCONEZ had

committed no crime, nor broken any law and said detention, arrest and

imprisonment was without probable cause. Alternatively, and to the extent that

Defendant PARRAS did not act in bad faith, or with malicious purpose or in a

manner exhibiting wanton and willful disregard of human rights, safety or property,

Plaintiff MARTHA VASCONEZ sues the Defendant for this cause of action in his

official capacity.

35.     In fact, all charges that were illegally, wrongfully and fraudulently levied against Plaintiff MARTHA VASCONEZ were dismissed or dropped by the State Attorney's Office.

36.     That as a direct and proximate result of the Plaintiff MARTHA VASCONEZ'S false arrest and imprisonment by the Defendant, Plaintiff was humiliated, embarrassed, suffered physical injury and mental anguish, was assaulted, was subjected to insult and threats, oppression, inconvenience, loss of dignity, suffered pain and suffering, loss of employment and damage to her reputation and was incarcerated for charges which she did not commit. These damages are continuing, permanent or will continue in the future.

    **WHEREFORE**, Plaintiff MARTHA VASCONEZ demands judgment against Defendant PARRAS for compensatory damages, costs and demands trial by jury of all issues so triable.

## COUNT V-FALSE ARREST/FALSE IMPRISONMENT OF PLAINTFF DIANA VASCONEZ AND PLAINTIFF MARTHA VASCONEZ AGAINST THE OSCEOLA COUNTY SHERIFF'S OFFICE

37.     PLAINTIFFS repeat, re-allege and incorporate paragraphs 1-14 set forth above

38.     This is a state law claim for damages in excess of the jurisdictional amount.

39.     On or about December 9, 2010, Plaintiffs DIANA VASCONEZ and MARTHA VASCONES were wrongfully arrested and subjected to a continued wrongful detention until their release as a result of the negligent, intentional and/or reckless investigation; lack of evidence and lack of probable cause to arrest or charge them. In fact, all charges, against the Plaintiffs were summarily dropped for the lack of evidence by State of Attorney and because the charges were obviously false and fabricated.

Plaintiff DIANA VASCONEZ sues the Defendant for this cause of action in his official capacity.

49. Plaintiff DIANA VASCONEZ was harmed as a result of the actions of the Defendant and suffered damages which include physical suffering, including a broken nose, injured, bruised and damaged arm, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

**WHEREFORE**, Plaintiff DIANA VASCONEZ demands judgment against Defendant YMA for compensatory damages, interest, and costs and demands trial by jury on all issues triable.

## COUNT VII - ASSAULT AND BATTERY OF MARTHA VASCONEZ AGAINST DEFENDANT PARRAS

50. Plaintiff MARTHA VASCONEZ incorporates the allegations contained in the preceding paragraphs 1-14 as if fully set forth herein.

51. Defendant PARRAS took an active part in the assault and battery on Plaintiff MARTHA VASCONEZ.

52. Defendant PARRAS on at least one occasion during the incident, made contact with the person of Plaintiff MARTHA VASCONEZ including, but not limited to, unlawfully grabbing her, pushing her, twisting her arm and throwing her to the floor without her consent. Such contact constituted an offensive and harmful touching upon MARTHA VASCONEZ.

53. Defendant PARRAS acted with intent to cause bodily harm to Plaintiff MARTHA VASCONEZ and further, in the commission of the assault or battery, acted in

bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property. Alternatively, and to the extent that Defendant PARRAS did not act in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, Plaintiff MARTHA VASCONEZ sues the Defendant for this cause of action in his official capacity.

54.    Plaintiff MARTHA VASCONEZ was harmed as a result of the actions of the Defendant and suffered damages which include physical suffering, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

**WHEREFORE**, Plaintiff MARTHA VASCONEZ demands judgment against Defendant for compensatory damages, interest and costs and demands trial by jury on all issues triable.

## COUNT VIII - ASSAULT AND BATTERY OF DIANA VASCONEZ AND MARTHA VASCONEZ AGAINST THE OSCEOLA COUNTY SHERIFF'S OFFICE

55.    Plaintiffs Diana Vasconez and Martha Vasconez incorporate the allegations contained in the preceding paragraphs 1-14 as if fully set forth herein.

56.    This is a State law claim for damages in excess of the jurisdictional amount.

57.    SHERIFF ROBERT E. "BOB" HANSELL("Sheriff's Office")  or his predecessor, as Sheriff of the OSCEOLA COUNTY SHERIFF'S OFFICE,  in his official capacity,  by and through  the Osceola County Sheriff's Office acting in concert with its deputies, agents, employees or representatives, committed an assault and battery on Plaintiffs Diana Vasconez and Martha Vasconez.

58.    SHERIFF ROBERT E. "BOB" HANSELL ("Sheriff's Office") or his predecessor,

as Sheriff of the OSCEOLA COUNTY SHERIFF'S OFFICE, through his deputies, under *respondeat superior*, made contact with the person of Plaintiffs including, but not limited to, unlawfully grabbing them, choking them, threatening them with a weapon, throwing them to the floor, pushing them, placing them in a headlock and illegally handcuffing them, without their consent. Such contact constituted a harmful and offensive touching upon Plaintiffs.

59.    SHERIFF ROBERT E. "BOB" HANSELL ("Sheriff's Office") or his predecessor, as Sheriff of the OSCEOLA COUNTY SHERIFF'S OFFICE acted with intent to cause bodily harm to Plaintiffs or touch Plaintiff in a harmful and offensive manner and did cause bodily injury to Plaintiffs.

60.    Plaintiffs were harmed as a result of the actions of the Defendant and suffered damages which include physical suffering and injury, medical expenses, loss of time, and mental suffering, all of which are continuing to this day and will continue in the future.

**WHEREFORE**, Plaintiffs DIANA VASCONEZ and MARTHA VASCONZ demand judgment against SHERIFF ROBERT E. "BOB" HANSELL("Sheriff's Office") or his predecessor, as Sheriff Of the OSCEOLA COUNTY SHERIFF'S OFFICE in his official capacity, for compensatory damages, costs and demands trial by jury on all issues triable.

## COUNT IX - MALICIOUS PROSECUTION OF DIANA VASCONEZ AGAINST DEFENDANT YMA

61.    PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-14 set forth above.

62.    This is a State law claim for damages in excess of the jurisdictional amount.

63.     On or about December 9, 2010, Plaintiff was wrongfully arrested and subjected to

a continued wrongful detention until her release as a result of the negligent,

intentional and/or reckless investigation; lack of evidence and lack of probable

cause to arrest her.  Defendant YMA in his individual capacity initiated or caused a

criminal proceeding against Plaintiff to be instituted.  Plaintiff was charged with

Battery on a Law Enforcement Officer, Resisting an Officer with Violence and

Resisting an Officer without Violence.

64.     YMA negligently, intentionally or recklessly arrested DIANA VASCONEZ

without probable cause that she had been involved in any criminal activity

whatsoever.  Contrarily, Defendant knew or had ample evidence to demonstrate

that Plaintiff was not involved in any criminal activity. Moreover, Defendant

entered into the residence of the Plaintiff without legal cause and assaulted and

battered her in the furtherance of an unlawful arrest and then falsely and

maliciously sought her prosecution in order to justify his misdeeds. In the course of

the prosecution, YMA generated false reports and withheld exculpatory evidence;

to wit; the entrance of Plaintiff's premises without presentment of a warrant and

evidence Plaintiff never touched him in order to further the baseless prosecution.

65.     Plaintiff was arrested without sufficient probable cause, or without probable cause

based on reliable or credible evidence and was detained although it was obvious

and clear based on the evidence in Defendants' possession that probable cause did

not exist to arrest, detain or continue to charge Plaintiff with offenses.

66.     Defendant YMA acted in bad faith or with malicious purpose or in a manner

exhibiting wanton and willful disregard of human rights, safety or property in his

malicious prosecution of the Plaintiff.

67. That the Assistant State Attorney dismissed all criminal charges against Plaintiff because there was no evidence that Plaintiff had committed any crimes. Defendant YMA acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property in his malicious prosecution of the Plaintiff, or was grossly negligent when he caused Plaintiff to be arrested, detained and continued to be charged with crimes when he knew the charges would be without probable cause.

68. As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, Plaintiff DIANA VASCONEZ was wrongfully arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a criminal defense attorney and defend against criminal charges all resulting in the loss of liberty and freedom, loss of enjoyment of life, loss of reputation, pain and related metal suffering and anguish.

**WHEREFORE**, PLAINTIFF demands judgment against the Defendant for compensatory damages, costs and demands trial by jury on all issues triable.

## COUNT X- MALICIOUS PROSECUTION OF MARTHA VASCONEZ AGAINST DEFENDANT PARRAS

69. PLAINTIFF repeats, re-alleges and incorporates paragraphs 1-14 set forth above.

70. This is a State law claim for damages in excess of the jurisdictional amount.

71. On or about December 9, 2010, Plaintiff was wrongfully arrested and subjected to

a continued wrongful detention until her release as a result of the negligent,

intentional and/or reckless investigation; lack of evidence and lack of probable

cause to arrest her. Defendant PARRAS, in his individual capacity, initiated or

caused a criminal proceeding against Plaintiff to be instituted. Plaintiff was

charged with Battery on a Law Enforcement Officer, Resisting an Officer with

Violence and Resisting an Officer without Violence.

72.    PARRAS negligently, intentionally or recklessly assisted in the arrest of MARTHA

VASCONEZ without probable cause that she had been involved in any criminal

activity whatsoever. Contrarily, Defendant knew or had ample evidence to

demonstrate that Plaintiff was not involved in any criminal activity. Moreover,

Defendant entered into the residence of the Plaintiff without legal cause and

assaulted and battered her in the furtherance of an unlawful arrest and then falsely

and maliciously sought her prosecution in order to justify their misdeeds. In the

course of the prosecution, PARRAS withheld exculpatory evidence, to wit, the

entrance in Plaintiff's premises without presentment of a valid warrant and

evidence Plaintiff never touched him in order to further the baseless prosecution.

73.    Plaintiff was arrested without sufficient probable cause, or without probable cause

based on reliable or credible evidence and was detained although it was obvious

and clear based on the evidence in Defendant's possession that probable cause did

not exist to arrest, detain or continue to charge Plaintiff with offenses.

74.    That the Assistant State Attorney dismissed all criminal charges against Plaintiff

because there was no evidence that Plaintiff had committed any crimes. Defendant

PARRAS acted in bad faith or with malicious purpose or in a manner exhibiting

wanton and willful disregard of human rights, safety or property in his malicious

prosecution of the Plaintiff, or was grossly negligent when he caused Plaintiff to be

arrested, detained and continued to be charged with crimes when he knew the

charges would be without probable cause.

75.    As a direct, proximate and foreseeable result of the acts and omissions of the

Defendant, Plaintiff MARTHA VASCONEZ was wrongfully arrested and

incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a

criminal defense attorney and defend against criminal charges all resulting in the

loss of liberty and freedom, loss of enjoyment of life, loss of reputation, pain and

related metal suffering and anguish.

**WHEREFORE**, PLAINTIFF demands judgment against the Defendant for compensatory

damages, costs, interest and demands trial by jury on all issues triable.

## COUNT XI -NEGLIGENT TRAINING AND SUPERVISION OF DIANA VASCONEZ AND MARTH VASCONEZ AGAINST THE OSCEOLA COUNTY SHERIFF'S OFFICE

76.    PLAINTIFFS repeat, re-allege and incorporate paragraphs 1-14 set forth above

77.    This is a State Law claim for damages in excess of the jurisdictional amount.

78.    Defendant, SHERIFF ROBERT E. "BOB" HANSELL("Sheriff's Office") or his

predecessor, as Sheriff Of the OSCEOLA COUNTY SHERIFF'S OFFICE, or his

predecessor, in his official capacity, owed members of the public, specifically

Plaintiffs DIANA VASCONEZ and MARTHA VASCONEZ , a duty of care for

the implementation of training and procedures to its officers, specifically to YMA

and PARRAS, in the making of discretionary arrests and to implement training and

procedures to ensure that innocent citizens are not arrested without probable cause

that a criminal offense has been committed and that the suspect committed said offense. Likewise, the Department owed a duty of care to members of the public, and specifically the Plaintiffs, to train and supervise its officers in the use of proper force and the proper presentment of warrants before barging into the private residence of citizens and also the forced entry into private homes.

79.    Defendant intentionally, recklessly and/or negligently breached that duty by failing to supervise and train her officers by failing in the implementation of training or procedures to ensure its officers do not arrest innocent citizens (without warrants) and to gather competent, relevant, and pertinent evidence so as to establish probable cause so as to avoid arresting, detaining and charging innocent citizens like Plaintiffs and the proper manner to present an arrest warrant prior to barging into the private residence of citizens. Defendant further intentionally, recklessly and/or negligently breached that duty by failing to supervise and train his deputies in the writing of truthful reports and the disclosure of exculpatory evidence.

80.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, which occurred by virtue of past similar incidents of wrongful arrests and detention of innocent citizens as well as the lack of supervision, training and control of officers, Plaintiffs DIANA VASCONEZ and MARTHA VASCONEZ were wrongfully arrested and incarcerated, was wrongfully and maliciously prosecuted, was forced to hire a criminal defense attorney and defend against criminal charges: furthermore, exculpatory evidence was not presented and untruthful police reports were generated, all resulting in the loss of liberty and freedom, loss of enjoyment of life, loss of reputation, the infliction of pain and

physical injury and related metal suffering and anguish .

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for compensatory

damages, costs, interest and demand trial by jury on all issues triable.

## COUNT XII -NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS OF DIANA VASCONEZ AND MARTHA VASCONEZ AGAINST DEFENDANT YMA AND PARRAS AND THE OSCEOLA COUNTY SHERIFF'S OFFICE

81.    PLAINTIFFS repeats, re-alleges and incorporates paragraphs 1-14 set forth above

82.    This is a State Law claim for damages in excess of the jurisdictional amount.

83.    Defendant, SHERIFF ROBERT E. "BOB" HANSELL("Sheriff's Office")  or his

predecessor, as Sheriff Of the OSCEOLA COUNTY SHERIFF'S OFFICE, or his

predecessor, in his official capacity, owed members of the public, specifically

Plaintiffs DIANA VASCONEZ and MARTHA VASCONEZ , a duty of care for

the implementation of training and procedures to its officers in the making of

discretionary arrests and to implement training and procedures to ensure that

innocent citizens are not arrested without probable cause that a criminal offense

has been committed and that the suspect committed said offense. Likewise, the

Department owed a duty of care to members of the public, and specifically the

Plaintiffs, to train and supervise its officers in the use of proper force and the

proper presentment of warrants before barging into the private residence of

citizens and also the forced entry into private homes.

84.    Like wise, Defendants YMA and PARRAS owed a duty of care to Plaintiffs not to

physically assault them, hold a weapon to their head, not to forcibly enter into their

home without the presentment of a valid arrest warrant, not to assault their family

members in front of them and not to falsely accuse them of crimes and arrest them.

85.     The aforementioned acts, omissions and conduct of the Defendants were extreme, outrageous, malicious or with the total disregard or deliberate indifference to the constitutional and civil rights of the Plaintiffs and therefore, the Defendants were aware, knew or should have known that their acts, omissions and conduct would cause Plaintiffs extreme and severe emotional distress.

86.     The defendants had a duty to protect the civil rights of Plaintiffs, apprehend Plaintiffs without the excessive use of force, without torturing Plaintiffs, obey the Florida Constitution, the U.S. Constitution and obey the civil rights laws promulgated by Congress. Yet, defendants breached these duties owed Plaintiffs.

87.     That the physical assault of Diana Vasconez and Martha Vasconez  resulting from physical injuries and therefore, there was a physical impact.  Alternatively, insofar as Byron Vasconez  is the husband of Martha Vasconez and father of Diana Vasconez and Martha Vasconez is the mother of Diana Vasconez of and they witnessed, watched and observed Defendants physically assault Byron Vasconez and Martha Vasconez witnessed, watched and observed the physical assault of her daughter Diana Vasconez, Diana Vasconez and Martha Vasconez fall with the exception to the "impact rule."

88.      That it was reasonably foreseeable the acts and omissions of defendant, The Osceola County Sheriff's Office in failing to supervise, train, discipline its deputies and Defendants YMA and Parras by actively assaulting, battering and brutalizing Plaintiffs, of which constituted a physical impact would cause Plaintiffs extreme and severe emotional distress.

89.     The outrageous acts, omissions and conduct of the Defendants caused Plaintiffs severe and extreme emotional distress, mental anguish, anxiety and physical injury.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for compensatory damages, costs, and attorneys' fees and TRIAL BY JURY pursuant the Federal Rule of Civil Procedure.

Dated this 13TH day of February 2012.

S / Frank T. Allen
**Frank T. Allen, Esq.,**
FBN: 0033464
**The Allen Firm, P.A.**
605 E. Robinson Street
Suite 130
Orlando, FL 32801
(407) 481-8103 (T)
(407) 481-0009 (F)
AllenF551@aol.com
ATTORNEYS FOR PLAINTIFFS.