# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANA VASCONEZ and MARTHA VASCONEZ,**

                **Plaintiffs,**

**v.**                                      **Case No:  6:12-cv-236-Orl-31DAB**

**ROBERT (BOB) E. HANSELL, JASON PARRAS, ISREAL YMA,**

                **Defendants.**

_____

## ORDER

This matter comes before the Court without a hearing on the Motion for Partial Summary Judgment (Doc. 28) filed by the Plaintiffs and the response in opposition (Doc. 56) filed by the Defendants.

### I.       Background

Defendant Robert Hansell ("Hansell") is the Sheriff of Osceola County.  He is sued in his official capacity, and the claims against him are understood to be claims against the Osceola County Sheriff's Office.  Defendants Jason Parras ("Parras") and Isreal Yma ("Yma") are Osceola County Deputy Sheriffs.  On December 9, 2010, they sought to arrest Byron Vasconez at his residence.  Upon their arrival, the deputies encountered his daughter, Diana Vasconez, and his wife, Martha Vasconez, both of whom also resided there.  A fracas ensued.  The Plaintiffs contend that the deputies, without justification, forced their way into the residence and assaulted them. The deputies contend that they were forced to restrain the Plaintiffs because they tried to interfere with the arrest of Byron Vasconez.

The Plaintiffs were arrested on charges of battery on a law enforcement officer and resisting arrest without violence.   In January 2011, the State Attorney's Office notified both Plaintiffs that it had opted not to prosecute.   On February 14, 2012, the Plaintiffs filed the instant case.   In their Amended Complaint (Doc. 17), they asserted claims for unreasonable search and seizure pursuant to 42 U.S.C. § 1983 against the Sheriff's Office (Count I), Yma (Count II), and Parras (Count III).   The Plaintiffs also asserted the following state law claims: false arrest/imprisonment against Yma (Count IV), Parras (Count V), and the Sheriff's Office (Count VI); assault and battery against Yma (Count VII), Parras (Count VIII), and the Sheriff's Office (Count IX); malicious prosecution against Yma (Count X) and Parras (Count XI); negligent training against the Sheriff's Office (Count XII); and negligent infliction of emotional distress against all three Defendants (Count XIII).

## II.    Legal Standards

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact.   Fed.R.Civ.P. 56(c).   Which facts are material depends on the substantive law applicable to the case.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists.   *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted).   Thereafter, summary judgment is mandated against the nonmoving party who

fails to make a showing sufficient to establish a genuine issue of fact for trial.  *Id.* at 322, 324-25.

The party opposing a motion for summary judgment must rely on more than conclusory

statements or allegations unsupported by facts.  *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986

(11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative

value").

### III.    Analysis

As the Plaintiffs recognize (Doc. 28 at 6), their Section 1983 claims fail if the deputies

possessed even arguable probable cause to arrest them.  *See also Case v. Eslinger*, 555 F.3d 1317,

1326-27 (11th Cir. 2009) (holding that existence of probable cause at the time of the arrest

constitutes an absolute bar to a Section 1983 action for false arrest) *and see Garczynski v.

Bradshaw*, 573 F.3d 1158, 1167 (11th Cir. 2009) (holding that qualified immunity protects

officers who reasonably but mistakenly conclude that probable cause is present).  To bolster their

claims that Yma and Parras did not possess arguable probable cause – *i.e.*, that they could not have

reasonably but mistakenly concluded that probable cause to make an arrest existed – the Plaintiffs

rely on their own deposition testimony that that they did nothing wrong.  They also rely on

portions of the depositions of Yma and Parras in which the deputies say things such as "[Martha

Vasconez] was not trying to interfere" and "Besides the door incident, it was rather amicable.  I

mean, they were upset because of the arrest, but that's to be expected."

However, those deposition excerpts, though accurate, do not represent the entirety of the

deputies' testimony as to the Plaintiffs' conduct.  Both deputies describe actions taken by the

Plaintiffs that, if true, would constitute probable cause to make an arrest.  For example, Parras

testified that after being informed that the deputies had a warrant for her father's arrest, Diana

Vasconez slammed the door on Yma's foot.  (Doc. 38 at 25-26).   And Parras testified that, subsequently, Martha Vasconez attempted to interfere with her daughter's arrest:

> I asked her to step back.  She continued to come towards me.  I placed my hand out with my palm up, and told her not to come any closer, let us deal with this, and we'll, you know, get with you in a moment.  Just calm down.  She continued yelling, and came in contact with my hand, without me moving forward whatsoever, and was trying to get to her daughter, who was handcuffed, who was crying and talking to her.  I was simply trying to separate the two because she kept coming forward.  She was then arrested for resisting without violence.

(Doc. 38 at 32).   The conflicting testimony raises a genuine issue of material fact as to the existence of probable cause to make an arrest, precluding the entry of summary judgment in the Plaintiffs' favor on their Section 1983 claims against the deputies (Count II and Count III).  *See also Daniel v. Village of Royal Palm Beach*, 889 So. 2d 988, 990 (Fla. 4th DCA 2004) ("The validity of an arrest does not turn on the offense announced by the officer at the time; if there is a valid charge for which a person could have been arrested, probable cause exists.").

The Plaintiffs also seek summary judgment on their false arrest/imprisonment claims against all three Defendants (Counts IV-VI) and their malicious prosecution claims (Counts X and XI).   Under Florida law, probable cause is a bar to a claim of false arrest or false imprisonment. *Bolanos v. Metropolitan Dade County*, 677 So. 2d 1005 (Fla. 3d DCA 1996) (*per curiam*) (citing cases).  Florida's common law tort of malicious prosecution also requires, as one of its elements, a showing that there was an absence of probable cause for the judicial proceeding.  Accordingly, the dispute over probable cause also precludes the entry of summary judgment in the Plaintiffs' favor as to Counts IV through VI and Counts X and XI.

## IV.    Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Partial Summary Judgment (Doc. 28) is **DENIED**, except insofar as it sought to preclude the Defendants from asserting, at trial, an affirmative defense based on Fla. Stat. § 776.085.

**DONE** and **ORDERED** in Orlando, Florida on May 13, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties